UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

Jessica Ayres,

        Plaintiff,

v.

Kohl's Department Stores, Inc.; and DOES 1-10, inclusive,

        Defendants.

Civil Action No.: 2:15-cv-778

**COMPLAINT AND DEMAND FOR JURY TRIAL**

For this Complaint, the Plaintiff, Jessica Ayres, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* ("TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Jessica Ayres ("Plaintiff"), is an adult individual residing in Port St. Lucie, Florida, and is a "person" as defined by 47 U.S.C. § 153(39).

4. The Defendant, Kohl's Department Stores, Inc. ("Kohl's"), is a Wisconsin business entity with an address of N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin 53051, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Does 1-10 (the "Agents") are individual agents employed by Kohl's and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as

parties once their identities are disclosed through discovery.

6. Kohl's at all times acted by and through one or more of the Agents.

## FACTS

7. In or around December 2014, Kohl's began calling Plaintiff's cellular telephone, number 772-XXX-1848.

8. Kohl's called Plaintiff from telephone numbers 262-704-9780, 903-593-8790, 414-257-2339 and 772-200-2840.

9. Kohl's called Plaintiff using an automated telephone dialing system ("ATDS").

10. When Plaintiff answered calls from Kohl's, she heard a period of silence and said "hello" before disconnecting the call.

11. Plaintiff was never connected with a live representative during an incoming call from Kohl's.

12. In or around the end of December 2014, Plaintiff called Kohl's and requested that they stop calling.

13. Nevertheless, Kohl's continued to call Plaintiff's cellular telephone.

## COUNT I
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et seq.*

14. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. At all times mentioned herein and within the last four years, Defendants called Plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer").

16. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials

2

consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

17. Defendants' telephone systems have some earmarks of a Predictive Dialer. When Plaintiff answered the phone, she was met with a period of silence before Defendants' telephone system would connect her to the next available representative.

18. Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

19. Despite being directing to cease all calls, Defendants continued to place automatic telephone calls to Plaintiff's cellular telephone. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

20. The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

21. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

22. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

3

23. Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each call made in knowing and/or willful violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 29, 2015

        Respectfully submitted,

        By /s/ Amy L. Cueller

        Amy L. Cueller, Esq. #15052-49
        LEMBERG LAW, L.L.C.
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile: (203) 653-3424
        E-Mail: acueller@lemberglaw.com
        Attorneys for Plaintiff